F. W. Kidman, Appellant, v. C. F. Garrison.

Commission for Sale of Land: CONTRACT: SUBSEQUENT ORAL AGREEMENT. In a suit for commissions for the sale of land based on a written contract, a finding of the jury that a new oral agreement was entered into, will defeat recovery.

*Appeal from Clay District Court.*—Hon. A. D. Bailie, Judge.

Monday, January 18, 1904.

ACTION by plaintiff on contract for commission on sale of land. The following is the contract:

"Sioux Rapids, Iowa, July 26, 1901. F. W. Kidman has authority to bind me in contract to sell real estate in Buena Vista County, Iowa, described as the N. ½ of S. W. ¼ of section 20, township 92, range 36, owned by me, for $5,400.00, payable $2,500.00 in cash, balance to suit purchaser. I am to sell and make warranty deed to the first person who offers me the above price. When land is sold or when F. W. Kidman performs his part of agreement, as hereinafter expressed, I am to pay him at Sioux Rapids, Iowa, a sum equal to five per cent. of the first named sum. Said F. W. Kidman is only to advertise said land for sale until it is sold; but not after I am offered above price on said terms though not sold, nor other price and terms, if offer accepted. By giving F. W. Kidman notice I may terminate agreement. In such event it shall be considered performed on part of F. W. Kidman. [Signed] F. W. Kidman. C. F. Garrison."

Several defenses were interposed—that the contract was procured by fraud; that the amount of the cash payment, $2,500, was inserted without authority after the execution of the contract; that a new and different oral agreement was substituted for this prior to the sale by defendant. The plaintiff does not claim to have found a purchaser, nor to have done anything to aid in the sale of defendant's farm, but testified, in a general way, that he advertised it. The court struck out the evidence bearing on the issue of fraud, and took it from the jury. The only issues submitted were those as to the alteration and the substitution of another agreement. A verdict was returned for defendant, on which judgment was entered. The plaintiff appeals. —*Affirmed.*

*J. A. Tracy* for appellant.

*F. H. Helsell* for appellee.

PER CURIAM.—If the first four instructions stating the issues were somewhat prolix, these were clearly and concisely put in those which followed. The jury especially found in answer to a special interrogatory that a new agreement had been entered into by the parties in place and stead of that in writing, and this conclusion has support in the evidence. The instructions in relation to this issue are without error. Those asked, in so far as correct, were included in the charge by the court, and the interrogatory refused was practically the same as that submitted. Other errors assigned, in so far as doubtful at all, relate to other issues, and need not be considered, for, if sustained, they have no such bearing on the above issue as to warrant any interference with the judgment. The result of the trial was a denial of the right on the part of plaintiff to reap where he had not sown. With that conclusion we are content.—AFFIRMED.